NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

Calin E. SPRAUVE,

    Plaintiff,

v.

CBI ACQUISITIONS, LLC d/b/a CANEEL BAY RESORT,

    Defendant.

Civ. No. 09-165

OPINION

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter is now before the Court upon Defendant CBI Acquisitions, LLC d/b/a Caneel Bay Resort's ("Caneel Bay") Renewed Motion for Summary Judgment, (Docket Entry No. 39), on March 21, 2011, and a Motion to Deem Conceded the Statement of Undisputed Material Facts and a Motion for Ruling on Unopposed Renewed Motion for Summary Judgment on May 23, 2011. (Docket Entry No. 44). The above motions were unopposed. Plaintiff Calin E. Sprauve ("Sprauve") filed a Motion to File a Second Amended Verified Complaint, (Docket Entry No. 46), on August 2, 2012, and a Motion to Extend Discovery and Mediation Dates on August 7, 2012. (Docket Entry No. 47). Caneel Bay opposed both motions. (Docket Entry Nos. 48, 49).

1

The case was reassigned to Judge Anne E. Thompson on November 5, 2012. (Docket Entry No. 51). This Court has decided these matters upon consideration of the parties' written submissions and oral argument conducted by telephone on December 19, 2012. For the reasons given below, Caneel Bay's Motion to Deem Conceded the Statement of Undisputed Material Facts and Motion for Ruling on Unopposed Renewed Motion for Summary Judgment is granted; Caneel Bay's Renewed Motion for Summary Judgment is granted; Sprauve's Motion to File a Second Amended Verified Complaint is denied; and Sprauve's Motion to Extend Discovery and Mediation Dates is denied.

## II. BACKGROUND

This case concerns CBI Acquisitions, LLC d/b/a Caneel Bay Resort's ("Caneel Bay") termination of Calin E. Sprauve ("Sprauve"), a boat captain, on December 31, 2008. (*See* Compl., Docket Entry No. 1, Attach. 1). Due to the evolving nature of the plaintiff's allegations, the facts of the case are discussed below in the context of the parties' written submissions.

### A. *Department of Labor Proceeding*

Following his termination, Sprauve filed a complaint on January 29, 2009, with the Virgin Islands Department of Labor ("DOL") challenging his termination as a violation of the Wrongful Discharge Act ("WDA"). *See* Compl., *Sprauve v. CBI Acquisitions, Inc. d/b/a Caneel Bay Resort*, WD-050-09-STT, Jan. 29, 2009. The DOL conducted a Preliminary Hearing on June 25, 2009. *See* Ex. 2, Op. and Order, *Sprauve v. CBI Acquisitions, Inc.*, WD-050-09-STT (V.I. Dept. of Labor, Hearings and Appeals Unit Aug. 12, 2009). Caneel Bay did not appear at the hearing; however, on July 9, 2009, it submitted a Motion for Reconsideration in case the DOL had or was about to enter a default in Sprauve's favor. Pl.'s Opp. Mot. Dismiss, Ex. 2. In the motion, Caneel Bay argued that Sprauve's claim should be dismissed because the WDA

2

exempts seaman from its coverage. *Id.* On August 12, 2009, the DOL granted Caneel Bay's motion and dismissed Sprauve's complaint. *See* Mem. Op. and Order, *Sprauve c. CBI Acquisitions, Inc. d/b/a Caneel Bay Resort*, WD-050-09-STT. The DOL explained that as a boat captain, Sprauve was a "seaman," which does not fall within the definition of "employee" covered by the WDA. *See id.*; *see also* V..I. Code Ann. Tit. 24, § 62 ("'employee' . . . does not include any individual employed . . . as a seaman"). Sprauve did not appeal the DOL's decision.

### B. *Superior Court & Removal to Federal Court*

On October 8, 2009, Sprauve commenced the instant action against Caneel Bay by filing a complaint ("Original Complaint") in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John. (*See* Notice of Removal, Docket Entry No. 1). The case was subsequently removed to this Court on November 17, 2009. (*See id.*).

In the Original Complaint, Sprauve alleged that, while operating his vessel at a Caneel Bay dock on December 10, 2008, Sprauve was approached by a security officer who asked him to take a sobriety test. (Docket Entry No. 1, Attach. 1 at ¶¶ 8-10). Sprauve claims he then contacted his supervisor to determine whether a sobriety test was required and was instructed not to take the test. (*Id.* at ¶¶ 11-12). Sprauve alleges that he was then terminated on December 31, 2008, for operating a vessel while consuming alcohol. (*Id.* at ¶¶ 14-15). The following day, Caneel Bay reported Sprauve's alleged misconduct to the Coast Guard. (*Id.* at ¶ 19). According to Sprauve, the Coast Guard investigated the matter, found that there was no evidence that Sprauve had consumed alcohol that day, and took no further action against him. (*Id.* at ¶ 20).

The Original Complaint contained three counts. (*Id.* at ¶¶ 7-25). Count I alleged termination without just cause. (*Id.* at ¶¶ 7-17). Count II alleged that Caneel Bay's actions in reporting Sprauve's alleged misconduct to the Coast Guard constituted "an outrageous,

3

intentional, and malicious act calculated to cause great professional and financial harm to [Sprauve]." (*Id.* at ¶¶ 18-21). Finally, Count III alleged that Caneel Bay's termination of Sprauve was "part of [Caneel Bay's] scheme to . . . terminate [Sprauve] and to improperly deprive him of accrued benefits . . . contrary to law and contrary to public policy." (*Id.* at ¶¶ 22-25).

### C. First Amendment of Complaint

On January 12, 2010, Sprauve moved to amend the Original Complaint. (Docket Entry No. 16). Caneel Bay consented to the amendment, (Docket Entry No. 18); however, the Court denied the motion for failure to comply with Local Rule of Civil Procedure 15.1. (*See* Docket Entry No. 19). On January 21, 2010, Sprauve resubmitted his motion to amend, which was subsequently granted on January 27, 2010. (Docket Entry Nos. 20, 22). Sprauve then filed the Amended Verified Complaint ("Amended Complaint") on February 2, 2010. (Am. Compl., Docket Entry No. 28).

The facts alleged in Sprauve's Amended Complaint are virtually identical to the facts alleged in the Original Complaint. (*See id.*). Thus, the amendments were confined to the causes of actions brought by Sprauve. (*See id.*). The Amended Complaint sets out five counts against Caneel Bay. (*See id.*). Count One asserts a claim for a violation of the Wrongful Discharge Act. (*Id.* at ¶¶ 7-17). Count Two asserts a claim for wrongful discharge under common law. (*Id.* at ¶¶ 18-19). Count Three asserts a claim for defamation. (*Id.* at ¶¶ 20-26). Count Four alleges that Caneel Bay committed slander *per se* and libel *per se*. (*Id.* at ¶¶ 27-28). Finally, Count Five alleges that Caneel Bay terminated Sprauve in an effort to "deprive him of his accrued pension, vacation time, and other benefits accrued to him by virtue of his long employment with [Caneel Bay]." (*Id.* at ¶¶ 29-32).

4

### D. *Motion to Dismiss & Motion for Summary Judgment*

On February 2, 2010, Caneel Bay moved to dismiss Counts I-IV for failure to state a claim upon which relief can be granted and moved for summary judgment as to Count V. (Docket Entry No. 24). On August 31, 2010, the Court issued a lengthy opinion and dismissed Counts I-IV. (Docket Entry No. 37). In dismissing Sprauve's wrongful discharge claim under the WDA, the Court reasoned that "the doctrine of claim preclusion bars [Sprauve] from relitigating the substance of his DOL complaint." (*Id.* at 22). In dicta, the Court explained that "[e]ven if the parties had raised admiralty jurisdiction, seaman are generally at-will employees." (*Id.* at 22 n.8 (citing *Kretzer v. Hess Oil V.I. Corp.*, 218 F.Supp.2d 724, 727 (D.V.I. 2002)). The Court surmised that, therefore, the claim would not be viable under admiralty jurisdiction either, since "the WDA does not serve as a public policy exception to this general [at-will employment] rule." (*Id.* at 22 n.8).

In the same opinion, the Court also denied Caneel Bay's motion for summary judgment as to Count V regarding Sprauve's pension. (*Id.* at 9). The Court explained that:

> [the Court] will consider Defendant's Motion as a motion to dismiss, and reserve summary judgment for another day. This case is still in its early stages, and may evolve with discovery. Accordingly, this Court will limit its review of the materials Plaintiff and Defendant submitted to comport with the Rule 12(b)(6) standard of review.

(*Id.*). Thus, Count V is Sprauve's only remaining claim against Caneel Bay.

### E. *Renewed Motion for Summary Judgment*

In the six months following the Court's decision, Sprauve made no discovery requests, leading Caneel Bay to renew its motion for summary judgment as to Count V on March 21, 2011. (Docket Entry No. 39). Although Sprauve requested and was granted an extension of

5

time to file a response, Sprauve has not opposed the motion, which is currently pending before the Court. (Docket Entry Nos. 42, 43).

The facts concerning Count V are set forth in Caneel Bay's Statement of Undisputed Material Facts in Support of its Renewed Motion for Summary Judgment.[1] (*See* Def.'s Statement of Undisputed Material Facts in Support of its Renewed Motion for Summary Judgment, Docket Entry No. 41). On May 19, 1977, Sprauve began to work for Caneel Bay as a boat captain. (*Id.* at ¶ 1). After January 1, 1978 until the end of his employment, Sprauve was enrolled in Caneel Bay's employee pension plan. (*Id.* at ¶ 2). Until December 31, 1995, the employee pension plan was a Non-Contributory Traditional Pension Plan. (*Id.*). On January 1, 1996, the employee pension plan became a Non-Contributory Cash Balance Plan. (*Id.*). Both plans provided retirement income to Caneel Bay employees. (*Id.* at ¶ 3). On May 19, 1987, ten years after his employment with Caneel Bay began, Sprauve's pension rights became fully vested. (*Id.* at ¶ 4). Caneel Bay discharged Sprauve on December 31, 2008. (*Id.* at ¶ 5).

F. *Motion to Amend*

Rather than oppose Caneel Bay's motion for summary judgment, Sprauve sought to "recast" his case in admiralty law. On August 2, 2012, Sprauve moved for leave to file a second amended verified complaint ("Proposed Amended Complaint") that contains new causes of action and new factual allegations. (Docket Entry No. 46). The Proposed Amended Complaint contains three counts. (Ex. Am. Compl., Docket Entry No. 46, Attach. 1). In Count One, Sprauve seeks relief for wrongful discharge as a maritime tort. (*Id.* at ¶¶ 17-20). In Count Two, Sprauve asserts a claim for wrongful and retaliatory discharge under maritime law. (*Id.* at ¶¶ 21-

---

[1] At oral argument conducted on December 19, 2012, counsel for Sprauve conceded that Sprauve does not dispute the facts set forth in Caneel Bay's statement of material facts.

6

35). Finally, in Count Three, Sprauve seeks damages for the maritime tort of intentional infliction of emotional distress. (*Id.* at ¶¶ 36-40).

To support these claims, Sprauve seeks to include new factual allegations. He alleges for the first time that Caneel Bay used and stored Baygon, an illegal and hazardous pesticide, on his vessel. (*Id.* at ¶ 22). Sprauve alleges that he was terminated in retaliation for reporting the illegal storage and use of Baygon. (*Id.* at ¶ 25). He also alleges for the first time that he was terminated in retaliation for meeting with Caneel Bay's management on behalf of the company's captains to express their dissatisfaction with (1) the increased hours the captains were required to work; and (2) the management of Assistant Director for Marine Operations Captain Vernon Benjamin. (*Id.* at ¶¶ 8-9).

### G. Motion to Extend Discovery and Mediation Dates

On August 7, 2012, five days after moving to amend, Sprauve filed a Motion to Extend Discovery and Mediation Dates. (Docket Entry No. 47). Sprauve explained that "[i]f the Motion to Amend is granted, the parties will need to conduct further discovery in order to move the matter forward towards mediation and trial." (*Id.* at ¶ 3). He requested that the Court extend "the discovery dates concomitantly with allowing the Second Amended Complaint to be filed." (*Id.*).

## III. DISCUSSION

### 1. Motion to Deem Conceded Statement of Undisputed Material Facts and Motion for Ruling on Unopposed Renewed Motion for Summary Judgment

Under Local Rule of Civil Procedure 56.1(d), "[f]ailure to respond to a movant's statement of material facts . . . as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment." L. Civ. R. 56.1(d). Here, Caneel Bay moved for summary judgment on March 21, 2011, including in its written

7

submissions a statement of material facts. (Docket Entry No. 39). After receiving an extension, Sprauve missed the May 20, 2011 deadline to enter a response and has yet to respond in any way. Thus, for the purposes of deciding Caneel Bay's Renewed Motion for Summary Judgment, the Court finds that the facts set forth in Caneel Bay's statement of material facts are deemed conceded.

2. *Motion for Summary Judgment*

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. Id. at 323-24.

8

In Count V of his Amended Complaint, Sprauve asserts that Caneel Bay terminated Sprauve in an effort to "deprive him of his accrued pension, vacation time, and other benefits accrued to him by virtue of his long employment with [Caneel Bay]." (Am. Compl., Docket Entry No. 28 at ¶¶ 29-32). The Court interprets Count V to be a claim under Section 510 of ERISA. *See* 29 U.S.C. § 1140. Section 510 prohibits the "discharge of a participant or beneficiary for the purpose of interfering with the attainment of any right to which such participant may become entitled." *See id.*; *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 677 (3d Cir. 2000) ("A claim of discharge based on a 'benefits-defeating' motive comes under Section 510 of ERISA."). "Congress enacted Section 510 primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension benefits." *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir. 1997) (citing *Haberern v. Kaupp Vascular Surgeons Ltd.*, 24 F.3d 1491, 1501 (3d Cir. 1994)).

To establish a *prima facie* case under Section 510 of ERISA, the plaintiff must demonstrate "1. prohibited employer conduct; 2. taken for the purpose of interfering; 3. with the attainment of any right to which the employee may become entitled." *Romero v. SmithKline Beecham*, 309 F.3d 113, 118-19 (3d Cir. 2002). The plaintiff must show that "the employer made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits." *Dewitt*, 106 F.3d at 522. "Proof of incidental loss of benefits as a result of termination, [however], will not constitute a violation of section 510." *Id.* at 522. When an employee's pension rights are fully vested at the time of termination, then termination does not deprive the employee of his pension because he merely loses the "the ability to contribute additional money to it." *Szcesny v. Gen. Elec. Co.*, 66 Fed. Appx. 388, 394 (3d Cir. May 19,

9

2003). Such a loss, in other words, is "precisely the type of incidental loss to which Section 510 does not speak." *Id.*

Here, Sprauve cannot make out a *prima facie* case under Section 510 of ERISA. Sprauve's pension rights became fully vested on May 19, 1987, more than 20 years before he was terminated. Therefore, Sprauve's termination deprived him only of the opportunity to contribute additional money to his pension. This incidental loss does not constitute a deprivation of benefits under Section 510 of ERISA, and thus, Caneel Bay is entitled to a grant of summary judgment.

### 3. Motion to Amend

The determination of a motion to amend falls within the discretion of the trial court and is guided by Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) provides that "A party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is, therefore, the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See id.*; *see also Foman*, 371 U.S. at 182; *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990). Thus, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," leave to amend should be freely given. *Foman*, 371 U.S. at 182 (1962). Caneel Bay opposes amendment on grounds of undue delay, undue prejudice, and futility. (*See* Docket Entry No. 48).

a. *Undue Delay*

District courts may deny leave to amend a complaint if the plaintiff's delay in seeking amendment is undue. *Cureton v. Nat'l Collegiate Athl. Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001). The focus of the inquiry is "on the movant's reasons for not amending sooner." *Id.* Thus, the mere passage of time alone does not render delay undue. *Id.* Rather, delay becomes undue when (1) the plaintiff has had previous opportunities to amend; or (2) the delay places an unwarranted burden on the court. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

First, delay in amending a complaint becomes undue when the plaintiff has had previous opportunities to amend. *Id.* A plaintiff has had previous opportunities to amend when the plaintiff was on notice of the underlying facts or theories sought to be included in the amended complaint yet delayed unreasonably in seeking leave to amend. *See id.* at 266-67; *Cureton*, 252 F.3d at 274; *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). For example, in *Bjorgung*, the district court had found that the plaintiff had previous opportunities to amend where the plaintiff waited over three years to amend his complaint to include the proper defendant and had been put on notice of the error at the outset of the litigation. *Bjorgung*, 550 F.3d at 266-67. Similarly, in *Lorenz*, the district court had found that the plaintiff had previous opportunities to amend where the plaintiff likely knew all of the facts sought to be included by amendment when the complaint was initially amended, yet waited until three years after filing the lawsuit and two years after initially amending the complaint to request leave to amend a second time. *Lorenz*, 1 F.3d at 1414. In both cases, the Third Circuit upheld the district court's refusal to grant leave to amend. *Bjorgung*, 550 F.3d at 266-67; *Lorenz*, 1 F.3d at 1414.

11

Second, delay becomes undue when amendment places an unwarranted burden on the court. *Bjorgung*, 550 F.3d at 266. Amendment places an unwarranted burden on the court when the plaintiff "allowed the District Court to reach the brink of ruling dispositively on the entire suit before he undertook to fulfill his responsibility [to correct the complaint]." *Id.* at 267. To permit amendment at such a point "might send the court through a substantial period of additional discovery and motions." *Id.*

Here, Sprauve's delay in seeking amendment is undue. Sprauve waited approximately three years after initiating the lawsuit and more than two and a half years after amending the Original Complaint to propose new changes to the complaint. His proposed amendments include both new factual allegations and new causes of action. The facts that he seeks to include in his complaint, particularly the allegations that he reported Caneel Bay's illegal transport of Baygon and represented the captains in discussions with Caneel Bay, all concern actions that Sprauve took and, therefore, should have been aware of. Furthermore, Sprauve should have known to bring the claims under admiralty law because the incident took place on water and involved a seaman. More importantly, Sprauve was placed on notice that the WDA did not apply in August 2009 when the DOL dismissed his claims for lack of jurisdiction due to Sprauve's status as a "seaman," and again in August 2010 when this Court dismissed Counts I-IV and specifically addressed the possibility of bringing the claims under admiralty law. Nevertheless, Sprauve waited two additional years after this Court's opinion to request leave to amend his complaint to include the new claims. Thus, Sprauve was on notice of both the facts and legal theories he proposes to include in his amended complaint and had numerous opportunities to amend.

Additionally, amendment at this time would place an unwarranted burden on the Court. Sprauve waited to seek amendment until after the district court was presented with a dispositive

motion, filing his motion to amend a year and a half after Caneel Bay renewed its motion for summary judgment. As Sprauve's Motion to Extend Discovery and Mediation Dates makes clear, amendment at this time has the potential to subject the Court to additional discovery and motions. Furthermore, the reasons given by Sprauve for the delay concern his attorney's divorce, economic limitations, and desire to personally assist Sprauve due to their friendship. These reasons do not change the fact that Sprauve had many opportunities to amend his complaint yet waited until a dispositive motion had been filed to do so. Therefore, Sprauve's delay in amending his complaint is undue.

### b. *Undue Prejudice*

"[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273. The Third Circuit regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To successfully argue prejudice, a non-moving party must show that unfair disadvantage or deprivation would result. *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). Specifically, courts consider "whether allowing amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

Here, amendment of the complaint will unduly prejudice Caneel Bay by resulting in additional discovery, cost, and preparation to defend against new facts and legal theories. At this time, the February 2010 deadline for completing written discovery has passed, (Docket Entry No. 10), and the Court is poised to rule on Caneel Bay's unopposed motion for summary

13

judgment on Sprauve's last remaining claim. (Docket Entry No. 39). Sprauve concedes that amending the complaint at this time to introduce new facts and legal theories will require the parties to conduct additional discovery but claims that the additional discovery burden is relatively small, particularly in light of Caneel Bay's resources. (*See* Docket Entry No. 47).

Sprauve attempts to further minimize the burden imposed by the extension of discovery by arguing that additional discovery will have to be conducted regardless of whether the complaint is amended. In claiming that additional discovery is necessary to resolve the pending summary judgment motion, however, Sprauve does not adequately explain why Sprauve failed to make any discovery requests before the February 2010 deadline[2] or why additional discovery is necessary to decide the motion for summary judgment which Sprauve has failed to oppose since the motion was filed approximately one and a half years ago.[3] Therefore, given the posture of the case, the Court finds that permitting Sprauve to amend his complaint at this time would cause Caneel Bay to undertake additional discovery, cost, and expense which would be unduly prejudicial to Caneel Bay.

### 3. *Futility of the Amendment*

Leave to amend may also be denied where such amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

---

[2] Caneel Bay served initial disclosures on Sprauve as well as additional written discovery requests; however, there is no indication that Sprauve sought any discovery before the deadlines passed. (*See* Docket Entry Nos. 12, 23).
[3] The Court notes that Sprauve received an extension of time to respond to Caneel Bay's motion for summary judgment. (*See* Docket Entry No. 43).

14

The district court assesses futility under the same standard as a Rule 12(b)(6) motion. *Id.* at 115. Under Rule 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Caneel Bay argues that Sprauve's proposed causes of action are futile because they are not timely. (Def.'s Br., Docket Entry No. 48). The timeliness of causes of action arising out of admiralty law is governed by the doctrine of laches. *Pierre v. Hess Oil V.I. Corp.*, 624 F.2d 445, 450 (3d Cir. 1980). "Laches consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005).

"Laches, as an equitable doctrine, differs from the statute of limitations in that it offers the courts more flexibility, eschewing mechanical rules." *Waddell v. Small Tube Prods., Inc.*, 799 F.2d 69, 79 (3d Cir. 1986). When "deciding whether the plaintiff has been guilty of laches, [however,] the court will consider as a helpful guide the statute of limitations which would be applicable if the case were an ordinary civil action." *Pierre*, 624 F.2d at 450. "Once the statute of limitations has expired, the defendant enjoys the benefit of a presumption of inexcusable delay and prejudice." *Santana Prods.*, 401 F.3d at 138.

In this case, Sprauve and Caneel Bay urge the Court to use different statutes of limitations to guide its analysis. Sprauve argues that the case is analogous to a contract claim under Virgin Islands law and the appropriate statute of limitations is, therefore, six years. (Pl.'s Reply Br., Docket Entry No. 50). Caneel Bay urges the Court to use the two year statute of limitations for wrongful discharge and intentional infliction of emotional distress under Virgin Islands law. (Def. Br., Docket Entry No. 48).

15

The Court is not persuaded by Sprauve's urging of a six-year statute of limitations. Sprauve's proposed amended claims include wrongful and retaliatory discharge as a maritime tort, wrongful and retaliatory discharge under maritime law, and intentional infliction of emotional distress. Sprauve advances no compelling reason why these claims would be properly grounded in contract law if brought in a civil action in the Virgin Islands. In fact, Sprauve initially brought a civil claim for wrongful discharge. (*See* Am. Compl., Docket Entry No. 28). In the Virgin Islands, the statute of limitations for wrongful discharge and intentional infliction of emotional distress is two years. *See* 5 V.I.C. § 31(5)(A); *Krimmel v. Hovensa, L.L.C.*, 2007 WL 6027821, at *5 (D.V.I. Nov. 28, 2007). Therefore, as Sprauve moved to amend his complaint on August 2, 2012, approximately three and seven months after his December 31, 2008 termination, Caneel Bay is entitled to a presumption of inexcusable delay and prejudice.

As discussed above, Sprauve has failed to show that his proposed amendment does not involve inexcusable delay and prejudice. Sprauve was aware of the facts and legal theories he now seeks to include in his complaint yet waited approximately three years after his initial filing and after Caneel Bay had moved for summary judgment, to request amendment. The personal and financial struggles experienced by his attorney during these three years do not overcome the presumption of inexcusable delay and prejudice. Thus, Sprauve's proposed admiralty claims are barred by laches, and amendment at this time would be futile. Therefore, Sprauve's Motion to File Second Amended Verified Complaint is denied on grounds of undue delay, undue prejudice, and futility.

### 4. Motion to Extend Discovery and Mediation Dates

In his Motion to Extend Discovery and Mediation Dates, Sprauve requested that the Court extend "discovery dates concomitantly with allowing the Second Amended Complaint to

be filed." (Docket Entry No. 47 at ¶ 3). As previously discussed, the Court finds that amendment of the complaint is not proper at this time. Therefore, Sprauve's Motion to Extend Discovery and Mediation Dates is also denied.

## IV. CONCLUSION

For the foregoing reasons, Caneel Bay's Motion to Deem Conceded the Statement of Undisputed Material Facts and Motion for a Ruling on Unopposed Renewed Motion for Summary Judgment is granted; Caneel Bay's Renewed Motion for Summary Judgment is granted; Sprauve's Motion to File a Second Amended Verified Complaint is denied; and Sprauve's Motion to Extend Discovery and Mediation Dates is denied. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: December 21, 2012